FREDERICK ALLIS vs. ISRAEL G. LASH.

January 5, 1877.

**Evidence—Harmless Error.**—The exclusion of evidence of a fact appearing by other evidence, and in no way disputed, *held*, in this case, to furnish no ground for a new trial.

**Attorney and Client.**—A., after commencing a suit as L.'s attorney-at-law, to foreclose a mortgage held by L., purchased (with D.) the mortgaged premises, A. and D. agreeing to pay the mortgage debt. By this agreement of purchase, A. and D. were to pay a gross sum for the premises; the amount due on the mortgage to be paid to L., and the residue to the parties of whom they purchased. There was a dispute between the latter parties and L. as to the amount due on the mortgage, and the foreclosure litigation was carried on for the purpose of determining this dispute. *Held*, that the agreement of A. and D. to pay the mortgage debt does not preclude A. from recovery for his services in conducting the litigation mentioned.

Appeal by defendant from a judgment of the district court for Ramsey county, where the action was tried before *Brill*, J., and a jury.

*Williams & Davidson*, for appellant.

*Allis & Allis*, for respondent.

BERRY, J.[1] This action was brought to recover compensation for professional services rendered to defendant by plaintiff's assignor, Lorenzo Allis, as an attorney and counsellor at law.

1. It appeared that a bill containing an item forming part of the present cause of action was made out in the name of the law firm of Allis, Gilfillan & Williams, and, before this action was commenced, paid to some member thereof by defendant's agent. At the time when the services represented by such item were rendered, Lorenzo Allis was a member of the firm mentioned. It appeared, however, that the item spoken of was put into the bill by mistake, as the services represented by it had been rendered by Allis, acting not for the firm, but for himself. They were services with which the firm had no connection, and for which it had,

[1] Gilfillan, C. J., did not sit in this case.

therefore, no proper claim for compensation. It further appeared that the " item spoken of was charged to defendant upon the firm books," and the bill rendered to and paid by defendant's agent, without the knowledge of Allis, and that, as far as the firm books were concerned, the error was subsequently corrected in the account of Allis, Gilfillan & Williams against him. Upon these facts the bill which was offered in evidence by defendant was excluded by the court below. The mistake in entering a charge for services, rendered entirely outside of the partnership business, upon the firm books, and in collecting the amount of the same from defendant's agent, was, of course, entirely unauthorized by the partnership relation ; and there is no pretence that it was in any way authorized or sanctioned by Allis himself, or that Allis in any way led the defendant to believe that the services in question were partnership services. Under these circumstances the most that could be claimed for the bill would be that it showed payment (for the item in question) received by a firm of which Lorenzo Allis was a member—a payment by which he might be bound. But as the fact of the payment appeared by evidence other than the bill, and was in no way disputed, the exclusion of the bill could have worked no practical injury, and furnishes no ground for a new trial.

2. The services for which this action is brought were rendered in the foreclosure of a mortgage for defendant. Soon after the foreclosure suit was commenced, Lorenzo Allis and W. F. Davidson purchased the mortgaged property, and agreed to pay the mortgage debt. The defendant requested an instruction to the jury, to the effect that, under this state of facts, Allis could not recover for services rendered by him, after his purchase, in the foreclosure proceedings, because it was his duty to pay the mortgage without suit. By the agreement and purchase Allis and Davidson were to pay a gross sum for the mortgaged premises, the amount due on the mortgage to be paid to the defendant,

and the residue to the parties of whom they purchased. As to the amount due on the mortgage there was a controversy between the defendant and the parties entitled to the residue of the purchase-money, and it was for the purpose of determining this controversy that the foreclosure litigation was carried on.   What the determination should be was a matter of indifference to Allis and Davidson.   The litigation was not carried on for their benefit, but for the benefit of defendant; and the fact that Allis and Davidson had purchased, with an agreement to pay the mortgage, furnishes no reason why defendant should not pay Allis for his services in conducting the litigation, if he saw fit (as he appears to have done) to continue to employ him for that purpose.

3. With reference to the money which has been received by Lorenzo Allis for the defendant, from the railroad company, the stipulation of the parties was that the court should deduct "the amount so received" from the verdict. Under this stipulation the court was entirely right in deducting the *amount* received, without interest.

Judgment affirmed.